UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLUE GENTIAN, LLC,
a Florida limited liability company,

      Plaintiff,

v.

TRISTAR PRODUCTS, INC.,
a Pennsylvania corporation,

      Defendant.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, BLUE GENTIAN, LLC sues Defendant, TRISTAR PRODUCTS, INC., for Patent Infringement under the Patent Act and complain as follows:

### JURISDICTION AND VENUE

1. This is an action for Patent Infringement under the Patent Act, 35 U.S.C. § 271.

2. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant pursuant to Fla. Stat. Ch. 48.193(1) and (2) by virtue of its substantial, continuous and not isolated activity in the Southern District of Florida, e.g., its marketing, distribution and sale of numerous "As Seen on TV" products, including the accused infringing products, throughout this District.

4. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b & c) and 1400(b), because the Defendant is subject to personal jurisdiction in the District and has committed acts of Patent Infringement in the District.

**THE PARTIES**

5.      Plaintiff is a Florida limited liability company having its principal place of business at 223 Skylark Point, Jupiter, Florida.

6.      Defendant is a Pennsylvania corporation having its principal place of business at 492 Route 46 East, Fairfield, New Jersey.

**BACKGROUND**

7.      Plaintiff's principal, Michael Berardi, has conceived and invented a novel hose product that is light in weight, does not kink when unwrapped or uncoiled, and can be substantially reduced in length and width when not in use simply by turning off the flow of water into it.

8.      Plaintiff is the owner of all intellectual property rights in connection with the novel hose product invented by Berardi including, without limitation, the patent rights asserted in this Complaint.

9.      Plaintiff is the owner of U.S. Patent No. 8,291,941, entitled "Expandable and Contractible Hose" ("the '941 Patent").  A copy of the '941 Patent is attached as Exhibit "A" hereto.

10.     Plaintiff is the owner of U.S. Patent No. 8,291,942, entitled "Expandable Hose Assembly" ("the '942 Patent").  A copy of the '942 Patent is attached as Exhibit "B" hereto.

11.     Indicative of the ingenuity and popularity of Plaintiff's hose product, Defendant has quickly and unfairly entered the market by promoting a knock-off hose product embodying the inventions protected under the '941 and '942 Patents.  A screen shot of Defendant's website promoting such products are attached as composite Exhibit "C" hereto.

## COUNT I
## DIRECT PATENT INFRINGEMENT
### ('941 Patent)

12. This Count alleges direct Patent Infringement of the '941 Patent against Defendant, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-11 above.

13. Defendant has infringed and is still infringing one or more claims of the '941 Patent by making, using, selling and offering to sell a hose product embodying the invention protected under the '941 Patent, under the "FLEX ABLEHOSE" brand, and will continue to do so unless enjoined by this Court.

14. Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## COUNT II
## CONTRIBUTORY PATENT INFRINGEMENT
### ('941 Patent)

15. This Count alleges contributory Patent Infringement of the '941 Patent against Defendant, pursuant to 35 U.S.C. § 271(c). Plaintiff repeats and realleges Paragraphs 1-11 above.

16. Defendant has contributorily infringed and continues to contributorily infringe the '941 Patent.

17. Defendant's customers, by using Defendant's accused "FLEX ABLEHOSE" hose product, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

18.     Defendant has sold and offered to sell the accused "FLEX ABLEHOSE" hose product for use in practicing the patented method claimed in one or more claims of the '941 Patent, and has done so with knowledge that the products are especially made or adapted for use in an infringement of the '941 Patent.

19.     Defendant's "FLEX ABLEHOSE" hose product is not a staple article of commerce suitable for substantial non-infringing use.

20.     Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## COUNT III
## DIRECT PATENT INFRINGEMENT
### ('942 Patent)

21.     This Count alleges direct Patent Infringement of the '942 Patent against Defendant, pursuant to 35 U.S.C. § 271(a).  Plaintiff repeats and realleges Paragraphs 1-11 above.

22.     Defendant has infringed and is still infringing one or more claims of the '942 Patent by making, using, selling and offering to sell a hose product embodying the invention protected under the '942 Patent, under the "FLEX ABLEHOSE" brand, and will continue to do so unless enjoined by this Court.

23.     Defendant's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendant is enjoined from doing so by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff requests that all issues in this case be tried to a jury.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment against Defendant for infringement of the '941 Patent and permanently enjoin Defendant, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

B. Enter judgment against Defendant for infringement of the '942 Patent and permanently enjoin Defendant, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

C. Enter judgment for Plaintiff for an accounting as to all damages arising from Defendant's infringement of the '941 Patent;

D. Enter judgment against Defendant for damages arising from the infringement of the '941 Patent, pursuant to 35 U.S.C. § 284;

E. Enter judgment for Plaintiff for an accounting as to all damages arising from Defendant's infringement of the '942 Patent;

F. Enter judgment against Defendant for damages arising from the infringement of the '942 Patent, pursuant to 35 U.S.C. § 284;

G. Enter judgment that this case is exceptional, under 35 U.S.C. § 285, and that Defendant reimburse Plaintiff's reasonable attorney fees and costs incurred in connection therewith;

H.      Enter judgment granting Plaintiff such other relief as this Court deems appropriate.

>Respectfully submitted,
>
>s/ Brian M. Taillon
>Edward F. McHale (Florida Bar No. 190300)
>Brian M. Taillon (Florida Bar No. 678635)
>McHALE & SLAVIN, P.A.
>2855 PGA Boulevard
>Palm Beach Gardens, Florida 33410
>Telephone:   (561) 625-6575
>Facsimile:   (561) 625-6572
>E-mail:      litigation@mchaleslavin.com
>
>*Attorneys for Blue Gentian, LLC*