**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 12-81170-CIV-SEITZ/SIMONTON

BLUE GENTIAN, LLC, and
NATIONAL EXPRESS, INC.,

Plaintiffs,

TRISTAR PRODUCTS, INC., and
KEITH MIRCHANDANI,

Defendants.
_________________________________/

**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

THIS MATTER is before the Court on Defendant Keith Mirchandani's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) [DE-18]. Plaintiff Blue Gentian, LLC owns two patents for the "XHose," an expandable hose. Blue Gentian licensed its patent rights to its product to Plaintiff National Express, Inc., which markets and distributes the XHose. Plaintiffs sued Tristar Products, Inc. and Keith Mirachandani, Tristar's president, for direct and indirect patent infringement pursuant to 35 U.S.C. § 271(a-c), false patent marketing pursuant to 35 U.S.C. § 292, false advertising pursuant to 15 U.S.C. § 1125(c), and common law unfair competition. In addition, National Express brought tortious interference with contractual business relationship and tortious interference with potential advantageous business relationship claims against both Defendants. Mirchandani seeks to dismiss the Amended Complaint because it does not allege any actions by Mirchandani in his personal capacity. Having reviewed the motion, Plaintiffs' response [DE-30] and Defendants' reply [DE-32], the Court dismisses the Amended Complaint without prejudice for failure to state a claim.

## I. Facts Alleged in the Amended Complaint

Michael Berardi, Blue Gentian's principal and sole owner, invented a hose (marketed as

the "XHose") which does not kink when unwrapped or uncoiled and which changes in length depending on the pressure exerted by the water as it flows through the hose. Blue Gentian is the owner of two patents for its product, U.S. Patent No. 8,291,941 ("the '941 Patent") and 8,291,942 ("the '942 Patent"), the patents at issue in this case. Blue Gentian granted an exclusive license to National Express to market, promote, and distribute the XHose.

According to the Amended Complaint, "Defendants have promoted a knock-off hose product embodying the inventions protected under the '941 and '942 Patents." Compl., ¶ 12. Specifically, Plaintiffs allege that Mirchandani, as principal and "decision maker" at Tristar, directed, caused, and participated in the acts of patent infringement and other tortious activities described in the Amended Complaint. Am. Compl., ¶ 8. Plaintiffs also allege that Tristar issued a document, signed by Mirchandani as President of Tristar, warning retailers that the XHose infringed on Tristar's patents for its own expandable hose, the "Flex-Able Hose." *See id.*, ¶ 13; Patent Notice, Ex. D to the Am. Compl. The Patent Notice states that the Flex-Able hose is the subject of two patents, Nos. 6,948,527 ("the '527 Patent") and 7,549,448 ("the '448 Patent").

In Count I, Plaintiffs allege that Defendants are "making, using, selling, offering to sell, and...importing into the United States" the Flex-Able Hose, thereby infringing the '941 Patent. *Id.*, ¶ 21. Count II, for indirect patent infringement, includes allegations that, by marketing and selling the Flex-Able hose, Defendants have (1) induced their customers' infringement of the '941 patent; and (2) contributed to their customers' infringement of the '941 Patent. In Counts III and IV, Plaintiffs assert similar claims of direct and indirect patent infringement of the '942 Patent. Counts V and VI are based on the allegation that Defendants falsely mark and advertise the Flex-Able Hose as being protected by the '527 and '448 Patents, when in fact the Defendants'

product is not covered by these patents or any other patent owned or licensed by Tristar. Count VII-IX, the Florida common law claims, are for unfair competition, tortious interference with contractual business relationship, and tortious interference with potential advantageous business relationship. The factual predicate for each of these claims is that Defendants knowingly issued the Patent Notice containing false representations – namely, that the Flex-Able Hose is the subject of the '527 and '448 Patents, and that the XHose infringes on these patents.

## II. Legal Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are

"enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Analysis

Federal law provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Indirect patent infringement may arise from either inducement of infringement under Section 271(b) or contributory infringement under Section 271(a). False patent marking occurs when a person, "without the consent of the patentee, marks upon, or affixes to, or uses in advertising" the word "patent" or other word importing that the object is patented, for the purpose of deceiving the public. 35 U.S.C. § 292(a).

Plaintiffs' patent infringement and false patent marking claims fail to allege any facts that Mirchandani was involved in any patent infringement activity in his individual capacity. Apart from the allegation that Mirchandani signed the Patent Notice as Tristar's President, there are no facts in the Amended Complaint showing that Mirchandani acted in his individual capacity, outside his role as President of Tristar. There are also no allegations that Tristar was Mirchandani's alter ego or that Mirchandani otherwise failed to respect corporate formalities in his capacity as Tristar's officer. Rather than specifying which, if any, actions should be attributed solely to Mirchandani, the Amended Complaint lumps Mirchandani and Tristar's actions

together. As such, because Plaintiffs fail to state a cause of action against Mirchandani for direct or indirect patent infringement, the patent infringement and false patent marking claims (Counts I-V) must be dismissed.

For the same reasons, Plaintiffs' false advertising claim and Florida state law tort claims also fail. Plaintiffs allege that Defendants issued the Patent Notice, including false representations that the Flex-Able Hose was covered by the '527 and '448 patents and that the XHose infringed upon these patents. The Complaint, however, includes no allegation that Mirchandani acted in his personal capacity in connection with the preparation and publication of the Patent Notice. In fact, the Patent Notice shows that Mirchandani signed the Notice as Tristar's President, and *not* in his individual capacity. Similarly, there are no facts establishing that Tristar was Miranchani's alter ego to allow piercing the corporate veil. In sum, the Amended Complaint contains no allegations to establish individual liability against Mirchandani under any of Plaintiffs' theories of recovery. Accordingly, it is ORDERED that

1. Defendant Keith Mirchandani's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) [DE-18] is GRANTED without prejudice

2. Plaintifffs shall refile an amended complaint in accordance with this Order by **April 18, 2013.**

DONE and ORDERED in Miami, Florida, this 18th day of March, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record