**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-81170-CIV-SEITZ/SIMONTON**

BLUE GENTIAN, LLC, and
NATIONAL EXPRESS, INC.,

Plaintiffs,

v.

TRISTAR PRODUCTS, INC., and
KEITH MIRCHANDANI,

Defendants.
_______________________________________/

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

THIS MATTER is before the Court on Defendants Tristar Products, Inc. and Keith Mirchandani's Motion to Transfer to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) [DE-17]. This case concerns a dispute over two patents for an expandable hose. Blue Gentian, LLC, the owner of the patents, assigned its rights under the patents to National Express, Inc., a Connecticut corporation, which distributes and sells the hose. Plaintiffs sued Tristar, a Pennsylvania corporation with its principal place of business in New Jersey, and Tristar's President Keith Mirchandani, a New Jersey resident, for direct and indirect patent infringement pursuant to 35 U.S.C. § 271(a-c); false patent marketing pursuant to 35 U.S.C. § 292; false advertising pursuant to 15 U.S.C. § 1125(c); and common law unfair competition and tortious interference claims under Florida law. Having reviewed the motion to transfer, Plaintiffs' response [DE-28], and Defendants' reply [DE-34], and heard the argument of counsel, the Court concludes that it would serve the interest of justice, as well as the convenience of the parties and witnesses, to try this case in the District of New Jersey. As such, the motion to transfer is granted.

## I. Factual Background

Michael Berardi, a Florida resident and Blue Gentian's principal, sole owner, and registered agent, invented a hose (marketed as the "XHose") which does not kink when unwrapped or uncoiled and which changes in length depending on the pressure exerted by the water as it flows through the hose. Blue Gentian is the owner of two patents for this product, U.S. Patent Nos. 8,291,941 ("the '941 Patent") and 8,291,942 ("the '942 Patent"), the patents at issue in this case. Blue Gentian, a Florida limited liability company, granted an exclusive license to National Express to market, promote, and distribute the XHose. Tristar is the exclusive marketer and distributor of a related expandable hose known as the "Flex-Able Hose." The Flex-Able hose is the subject of two patents, U.S. Patent Nos. 6,948,527 ("the '527 Patent") and 7,549,448 ("the '448 Patent"). Plaintiffs allege that the Flex-Able Hose infringes on its product's patents.

The procedural details related to this case exemplify the quintessential race to the courthouse. On October 22, 2012, Tristar sued National Express in the District of New Jersey, alleging infringement of the '527 and '448 patents. *Tristar Prods., Inc. v. National Express, Inc.*, Case No. 2:12-cv-06650-DMC-JAC (D.N.J. Oct. 22, 2012). The next day, the '941 and '942 patents issued, prompting Blue Gentian to file the instant action against Tristar [DE-1]. That same date, three additional lawsuits were filed in connection with the Blue Gentian and Tristar patents. Tristar filed a declaratory judgment action in the District of New Jersey against Blue Gentian, National Express, and two other parties with potential rights in the Blue Gentian patents. *Tristar Prods., Inc. v. National Express, Inc.*, Case No. 2:12-cv-06675-DMC-JAD (D.N.J. Oct. 23, 2012). Telebrands Corporation, another distributor of expandable hoses who is not a party to this case, also sued National Express and Blue Gentian in New Jersey, seeking a

declaratory judgment in connection with the Blue Gentian patents. *Telebrands Corp. v. National Express, Inc.*, Case No. 2:12-cv-06671-FSH-PS (D.N.J. Oct. 23, 2012). Blue Gentian in turn sued Telebrands in the Southern District of Florida for infringement of the '941 and '942 patents. *Blue Gentian, LLC, et al. v. Telebrands Corp.*, Case No. 9:12-cv-81169-DMM (S.D. Fla. Oct. 23, 2012).[1] Finally, on December 21, 2012, Blue Gentian and National Express filed a declaratory judgment action against Tristar in connection with the '527 and '448 patents, currently pending in this district before Judge Middlebrooks. *Blue Gentian, LLC, et al. v. Tristar Prods.*, Case No. 9:12-cv-81402-DMM (S.D. Fla. Dec. 21, 2012). On January 24, 2013, Defendants filed the instant Motion, arguing that this case should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## II. Analysis

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* This standard "leaves much to the broad discretion of the trial court . . . ." *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV, 2009 WL 455432, at *1 (S.D. Fla. Feb. 23, 2009).

Section 1404 authorizes courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. "To this end [Section 1404(a)] empowers a district court to transfer any civil action to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616

[1] Telebrands moved to transfer this case to the District of New Jersey on November 15, 2012; the case was transferred on January 24, 2013.

(1964) (internal footnote omitted). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F. 2d 570, 573 (11th Cir. 1989). To determine whether transfer is appropriate, courts embark on a two-prong inquiry. First, the new venue must be one in which the action could originally have been brought by the plaintiffs. 28 U.S.C. § 1404(a).[2] Second, courts conduct a balancing test, weighing several private and public interest factors to determine if transfer is justified. *See Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008).

Private factors to be weighed include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Trace-Wilco*, 2009 WL 455432, at *2 (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994)). Public interest factors that should be considered include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). In patent cases, Courts are instructed to analyze the convenience factors of 28 U.S.C. § 1404(a), "[i]nstead of relying solely on considerations such as tenuousness of jurisdiction, broadness of case, and degree of vestment, or automatically going with the first filed action." *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F. 3d 897, 904 (Fed. Cir. 2008).

---

[2] Plaintiffs do not dispute that this action could have originally been filed in the District of New Jersey. *See* Pls.' Resp. [DE-28], at 4-5. Thus, the Court's analysis will focus on the second prong of the inquiry.

Applying the Section 1404 two-part inquiry to the case at hand, Defendants have met their burden. Thus, a transfer to the District of New Jersey is appropriate.

**A. Choice of Forum**

Generally, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 260 (11th Cir. 1996) (citation omitted). However, a plaintiff's choice of forum is given less deference when the operative facts underlying the cause of action did not occur within the plaintiff's chosen forum. *See Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011). Further, the "'center of gravity' for a patent infringement case is where the accused product was designed and developed." *Trace-Wilco*, 2009 WL 455432, at **2-3 (citing cases); *see also In re Genentech, Inc.*, 566 F. 3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (citation omitted).

In this case, the "center of gravity" of the alleged infringement occurred in New Jersey. This is where Tristar maintains its offices and where the accused product, the Flex-Able Hose, was designed and developed.

**B. Convenience of the Parties and Witnesses**

Likewise, the convenience of the Parties and witnesses weighs in favor of transfer. As noted above, Tristar is headquartered in New Jersey, where the inventors and designers of the Flex-Able Hose reside. Defendants have shown that the allegedly infringing product was developed and manufactured in New Jersey. The issues relating to Defendants' alleged infringement require analysis of facts, documents and testimony relating to the design,

development, production, marketing, and sale of Defendants' product. *See* 35 U.S.C. § 271 (listing activities which constitute infringement). Thus, it appears that most of the witnesses that have knowledge of the issues relevant to infringement are located in New Jersey. Moreover, the fact that National Express, a Connecticut corporation, has consented to the jurisdiction of this Court by filing suit in this district does not mean that it would be less convenient for its officers and employees, all of whom are outside of Florida, to testify at trial in New Jersey.

Blue Gentian, on the other hand, is domiciled in Jupiter, Florida. Although Plaintiffs assert that they intend to offer the testimony of Berardi, the inventor of the patents at issue, it is unclear whether this testimony will be necessary at trial, as courts have given little deference to the inventor's testimony about the meaning of a patent's claims. *See Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F. 3d 1575, 1580 (Fed. Cir. 1996). It is also unlikely that Plaintiffs will be inconvenienced by a transfer, since they are already under an obligation to appear in the District of New Jersey. National Express is a defendant in three separate related actions pending in New Jersey, two of which involve the '941 and '942 patents. Blue Gentian is also a defendant in both the Tristar declaratory judgment action and the Telebrands patent infringement action, and is the sole plaintiff in the patent infringement action against Telebrands concerning the same patents at issue here. As such, Plaintiffs' domicile has little effect on the appropriateness of transfer.

In sum, more witnesses will be inconvenienced by conducting this litigation in the Southern District of Florida than would be if the case is tried in New Jersey. These factors all weigh in favor of transfer.

**C. Ease of Access of Sources of Proof**

Although a significant portion of the evidence material to the prosecution of this patent infringement case appears to be located in New Jersey, where the infringing product was

designed and developed, Plaintiffs concede that this factor should be given little weight, given today's technology and the availability of overnight shipping to easily transport documents and other tangible evidence. Pls.' Resp., at 10. Thus, this factor is neutral as it relates to transfer.

**D. Interest of Justice**

Transferring this case to the District of New Jersey would serve the interest of justice. The center of the accused activity giving rise to this case occurred in New Jersey, and, as such, the interest of justice favors transfer. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3854 at 246-47 (3d ed. 2007) ("a number of federal courts have considered this factor decisive – outweighing the other statutory factors").

Further, Tristar filed a case in the District of New Jersey seeking a declaratory judgment that Blue Gentian's asserted patents are invalid prior to the filing of the instant action. A number of other related cases involving Blue Gentian's patents are also pending in the District of New Jersey. Since Defendants claim it will seek to consolidate all of the pending cases in that District if this case is transferred (*see* Defs.' Mot., at 12), transferring this case will prevent inconsistent rulings and serve the interest of justice.

**III. Conclusion**

Defendants have met their burden for transfer by making a showing that the relevant factors under 28 U.S.C. § 1404(a) warrant a transfer to the District of New Jersey. Accordingly, it is

ORDERED that

1. Defendants' Motion to Transfer to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) [DE-17] is GRANTED.

2. The Clerk of Court is directed to TRANSFER this case to the United States District

Court, District of New Jersey.

3. All pending motions are DENIED as MOOT.

4. This CASE is CLOSED.

DONE AND ORDERED in Miami, Florida, this 19th day of March, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record